UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRODUCTS SERVICE & LABOR, INC.,<br><br>Defendant. | Case No. 20-cv-2063-JCS<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR SUBSTITUTE SERVICE**<br><br>Re: Dkt. No. 9 |

Plaintiffs filed an ex parte application to permit service on the California Secretary of State under Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure and section 1702(a) of the California Corporations Code in lieu of serving the registered agent of Defendant Products Service & Labor Inc. ("PS&L").

Section 1702(a) provides that such service is permissible where "it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure." Cal. Corp. Code § 1702(a).

Sections 415.10(a) and 415.20(a) provide for personal service on the agent or on a person apparently in charge at the agent's address. Plaintiffs filed a declaration of counsel Luz Mendoza stating that process servers attempted twelve times to serve PS&L's registered agent Jim Dwayne Henderson, who is also PS&L's CEO and CFO, at the address on file with the California Secretary of State, but each time received no answer and noted no activity in the home. *See* Mendoza Decl.

(dkt. 10) ¶¶ 5–8 & Ex. D.  Those attempts occurred at different times of day over a span of two months.  *Id.* ¶¶ 5, 8.  The Court is satisfied that Plaintiffs have attempted service under sections 415.10(a) and 415.20(a) with reasonable diligence.

Section 415.30(a) provides for service by mail, requiring the defendant to return an acknowledgment of receipt before service is effective under that statute.  There is no indication that Plaintiffs have as yet attempted that method of service.  Plaintiffs therefore have not shown that PS&L cannot be served with reasonable diligence under section 415.30(a).

Section 416.10(a) provides for service on a registered agent.  The Court is satisfied that PS&L's agent Henderson cannot reasonably be served by any means other than perhaps service by mail under section 415.30(a).

Section 416.10(b) provides for service on a corporation's "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."  Cal. Civ. Proc. Code § 416.10(b).  Plaintiffs have not addressed whether they are aware of any such person other than Henderson, or whether they have taken steps to determine whether any such person exists.  The Court therefore cannot say whether PS&L could be served with reasonable diligence under that provision.

Section 416.10(c) governs service on a bank, and section 416.20(a) governs service on a defunct corporation.  There is no indication that either statute applies to PS&L.

Because the Court is not satisfied at this time that PS&L cannot be served with reasonable diligence under section 415.30(a) or section 416.10(b), Plaintiffs' application for substitute service on the Secretary of State under section 1702(a) is DENIED without prejudice.  Plaintiffs are instructed to attempt service under those statutes if they have not yet done so.

If Plaintiffs cannot serve PS&L under those statutes despite reasonable diligence, they may renew their application for substitute service under section 1702(a).  Any renewed application must also state all forms of contact information for PS&L and Henderson of which Plaintiffs are aware, so that the Court may consider whether, in an abundance of caution, to require additional

forms of substitute service beyond service on the Secretary of State.  The deadline for Plaintiffs to serve PS&L is CONTINUED to August 7, 2020.

**IT IS SO ORDERED.**

Dated: June 23, 2020

JOSEPH C. SPERO
Chief Magistrate Judge